DOCKET & FILE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JAKIW PALIJ,<br><br>    Defendant. | JUDGE ROSS<br><br>MAG. JUDGE POHORELSKY<br><br>Civil Action No. CV-02-2802 |

## STIPULATED PROTECTIVE ORDER TO
## ENABLE PRODUCTION OF DOCUMENTS TO DEFENDANT

Plaintiff is in possession of certain information, documents, or other materials that are relevant to the above-captioned action, but that it is prohibited from disclosing by the Privacy Act of 1974, 5 U.S.C. § 552a (1988 & Supp. V 1993), unless ordered to do so by a court of competent jurisdiction. Because it is in the interest of justice to disclose such materials to Defendant, and because such disclosure would be subject to the procedures set forth below,

IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES AND ORDERED BY THE COURT that Plaintiff shall produce all such information, documents, or other materials, subject to

2

Plaintiff's assertion of any privilege that may attach to such materials.

IT IS FURTHER STIPULATED AND AGREED BY THE PARTIES AND ORDERED BY THE COURT that the provisions set forth herein shall apply with respect to all information, documents, or other materials produced or disclosed by Plaintiff that are protected by the Privacy Act. Whenever Plaintiff produces information (whether in the form of documents, oral testimony, or otherwise) within the scope of the Privacy Act, the following procedures shall be followed with respect to such information:

1. Plaintiff shall designate information, documents, or other materials as subject to this Order by marking them "Protected Material" or, with reference to an oral statement, by stating words to that effect in the record of the proceeding.

2. All portions of transcripts of depositions, exhibits, answers to interrogatories, and all other documents and materials that constitute or contain information designated as subject to this Order shall be served upon counsel for Defendant (and, when appropriate, shall be delivered to Chambers) in sealed envelopes or other appropriate sealed containers on which shall be written the title of this action, the words "under seal," and a statement substantially in the following form:  "This envelope [or sealed

3

container] contains material that is subject to a protective order and is not to be opened except pursuant to the provisions of that order." Documents or materials so produced shall be maintained in the labeled envelopes or containers to give notice that they are protected by this Order.

3. The right of access to all information, documents, or other materials subject to this Order shall be limited to the parties, Defendant's court-appointed representative, counsel of record for the parties, other legal support staff working for and under the direction of counsel of record for the parties, the Court and Court personnel, consulting experts, and witnesses. Any person having access to information, documents, or other materials subject to this Order shall be informed that they are confidential and subject to a protective order of this Court and shall be provided a copy of this Order.

4. Except as provided herein, no person having access to information, documents, or other materials subject to this Order shall disclose any portion of the information, documents, or other materials to any person other than the persons encompassed by Paragraph 3 of this Order, absent further order of the Court or stipulation of the parties.


4

5. Within sixty (60) days of the conclusion of this denaturalization proceeding, final appeals therefrom, and any subsequent removal proceeding or final appeals therefrom, counsel for Defendant shall destroy or return to Plaintiff all documents, copies of documents, and tangible things designated by Plaintiff as subject to this Order and served upon Defendant or his counsel.

6. Nothing in this Order shall be construed as affecting the ability of the parties to introduce the information, documents, materials, or testimony subject to this Order into evidence in this denaturalization proceeding or any subsequent removal proceeding under the Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq. Pursuant to F.R.Civ.P. 26(c), either party may move that any information, documents or other materials designated "protected material" by either party and offered as evidence in any filing or proceeding, be offered by a party and accepted by the Court under seal.

7. Any or all provisions of this Order may be terminated or modified at any time by order of this Court.

8. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure or by any statute or other authority in

5

this action, or to the rights of any party to make any objections permitted by the Federal Rules of Evidence.

The parties consent to the entry of this Order.

FOR DEFENDANT:

_____
IVARS BERZINS
484 West Main Street
Babylon, NY 11702-3000
631-661-3540

FOR PLAINTIFF:

ELI M. ROSENBAUM
Director

SUSAN L. SIEGAL
Principal Deputy Director

_____
by: JONATHAN C. DRIMMER
Senior Trial Attorney
MICHELLE L. HEYER
Trial Attorney
Office of Special Investigations,
Criminal Division
10th & Constitution Ave. NW
John C. Keeney Building, Suite 200
Washington, DC  20530
(202)616-2492

ROSLYNN R. MAUSKOPF
United States Attorney
 for the Eastern
 District of New York
STEVEN KIM
 Assistant United States
 Attorney
147 Pierrepont Street
Brooklyn, NY 11201
(718) 254-7000

SO ORDERED.

_____
JUDGE

Dated: _September 30, 2002_