```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                        Plaintiff,
                                                    ORDER
        - v -
                                                    CV-02-2802 (ARR)(VVP)
JAKIW PALIJ,

                        Defendant.
-----------------------------------------------------------x
```

Upon the application of the plaintiff, and with the consent of the defendant, the extensions of time requested in the plaintiff's January 21, 2003 order are granted.

The plaintiff has brought to the court's attention the incompleteness of a scheduling order entered on December 3, 2002. Accordingly, the court is issuing an amended scheduling order which includes the matters inadvertently excluded from the December 3, 2002 order. A copy of that amended order is enclosed (the amended order reflects the extensions granted above).

**SO ORDERED**

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         February 5, 2003

| | | | |
|---|---|---|---|
| BEFORE: | VIKTOR V. POHORELSKY<br>U.S. MAGISTRATE JUDGE | DATE:<br>START TIME:<br>END TIME: | 12/03/02<br>11:00 a.m.<br>11:45 a.m. |

DOCKET NO. CV-02-2802            ASSIGNED JUDGE:    ARR

CASE NAME:  United States v. Palij

CIVIL CONFERENCE (amended as of February 5, 2003)[Tape 02/148: 200 - 2240]

PURPOSE OF CONFERENCE:  Discovery

APPEARANCES:   Plaintiff      Jonathan Drimmer; Michelle Heyer; Steven Kim

                Defendant    NO APPEARANCE

SCHEDULING AND RULINGS:

1.  The next conference will be held on **March 28, 2003 at 10:30 a.m.**

2.  The further submission of papers concerning the motion by the plaintiff, by letter dated November 27, 2002, to compel the defendant to answer deposition questions is as follows:

    a)  As to each question asked at the defendant's deposition to which the defendant responded that he declined to answer on the basis of his Fifth Amendment privilege, the defendant shall set forth in writing the basis for his assertion of the privilege. *See, e.g., Estate of Fisher v. Comm'r of Internal Revenue*, 905 F.2d 645, 649 (2d Cir. 1990); *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998). The defendant's submission shall be served and submitted to the court by December 20, 2002;
    b)  The plaintiff's response to the defendant's submission shall be served and submitted by January 6, 2003.

3.  All factual discovery shall be completed by March 21, 2003.

4.  On or before February 4, 2003, the plaintiff shall identify all documents which it believes, in good faith, its experts will rely upon in reaching the conclusions and opinions they will seek to offer. (This is not meant to prevent the experts thereafter from relying on documents not identified.)

5. Expert Discovery:

   a) On or before February 4, 2003, the plaintiff shall identify its expert(s) by name and area of expertise;
   b) On or before March 21, 2003, all disclosures required by Rule 26(a)(2) shall be provided by the plaintiff's expert(s);
   c) On or before Apirl 21, 2003, all disclosures required by Rule 26(a)(2) shall be provided by the defendant's expert(s);
   d) depositions of experts may be taken at any time before trial.